IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON LAMAR FOSTER,

           Petitioner,                No. CIV S-04-2281 MCE DAD P

    vs.

WARDEN SCRIBNER, et al.,

           Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. In the six-page form petition filed in the Fresno Division of this court on October 6, 2004, petitioner attacks a judgment of conviction entered in the San Joaquin County Superior Court on October 6, 1995. The petition was transferred to the Sacramento Division of the court on October 28, 2004. In due course, respondents were directed to file a response to the petition.

        On March 15, 2005, respondents filed a motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations and contains only unexhausted claims. Petitioner requested an extension of time and was granted an extension to June 15, 2005, to file opposition to respondents' motion. (See Pet'r's Mot. for Extension of Time filed Apr. 15, 2005; Order filed Apr. 26, 2005.) Despite having been granted a total of 90 days to oppose respondents' motion, petitioner did not file timely opposition, did not request a second extension

1  of time, and did not file untimely opposition in the seven months after his extension of time

2  expired.

3         On June 15, 2005, petitioner filed a "Motion for Writ of Mandate/Prohibition," in

4  which he requests that the court (1) provide prisoners with meaningful access to the law library

5  and (2) order respondents and their agents to provide prisoners with adequate photocopy services,

6  staffing, updated books and legal materials, telephone calls to their attorneys, and the right to

7  browse law library shelves.

8         To prevail on a request for injunctive relief, the moving party must show a

9  likelihood of success on the merits of his claims and the possibility of irreparable injury if

10 injunctive relief is not granted, or he must demonstrate that serious questions are raised and the

11 balance of hardships tips sharply in his favor.  See Coalition for Economic Equity v. Wilson, 122

12 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

13 1376 (9th Cir. 1985).  For either formulation, the focal point is the degree of irreparable injury

14 shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, [the petitioner]

15 must demonstrate that there exists a significant threat of irreparable injury."  Id.  The present case

16 is not a civil rights case concerning conditions of confinement.  Nor is it a class action.

17 Petitioner has made no showing of possible irreparable injury to his own ability to litigate this

18 action absent the broad injunctive orders requested.  Nor has petitioner demonstrated that he has

19 been denied reasonable access to the law library for purposes of preparing his opposition to the

20 pending motion to dismiss.  For these reasons, the undersigned will recommend that petitioner's

21 motion for injunctive relief be denied.

22         To the extent that petitioner's motion for injunctive relief and his previous motion

23 for an extension of time can be construed as containing arguments in opposition to dismissal of

24 his petition, the undersigned will construe both filings as petitioner's opposition to respondents'

25 motion.

26 /////

PROCEDURAL HISTORY

In the petition before the court, petitioner seeks relief on three grounds.  First, citing the Fourteenth Amendment, the Ex Post Facto Clause, and two state statutes, petitioner alleges that he "was doubled based in violation of the ex post facto."  Petitioner appears to be attacking his sentence, but he fails to articulate facts that demonstrate an ex post facto violation.  Second, citing the Fourteenth Amendment, he alleges that there was insufficient evidence to convict him.  However, he does not describe the evidence presented or explain how the evidence was insufficient to prove the elements of the charges against him.  Third, petitioner alleges ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment.  Petitioner claims that trial counsel "failed to move for a dismissal after the jury deadlocked" and that, but for that failure, "the determination would have been different."  He also alleges that his defense was rendered moot by trial counsel's failure to present unspecified facts.  He claims that jurors were polled after the trial and one juror "was uncertain about petitioner's guilt," rendering the verdict "not guilty."  Petitioner alleges that appellate counsel "failed to present the facts on appeal."  (Pet. at pages numbered (5) & (6).)

Respondents have provided detailed information and documentation regarding petitioner's conviction, appeal, and extensive collateral state proceedings.  The history set forth below is drawn from respondents' moving papers and lodged documents.

Petitioner was convicted on October 6, 1995, and was sentenced on December 4, 1995, to a determinate prison term of fourteen years and four months, as follows:  a five-year term for one count of second degree robbery, with a consecutive four-year term for use of a firearm in commission of the robbery; a consecutive three-year term for infliction of great bodily injury; a consecutive one-year term for a second count of second degree robbery, with a consecutive sixteen-month term for use of a firearm in commission of the robbery.

On appeal, petitioner presented one claim:  whether the trial court committed prejudicial error by giving the modified version of CALJIC No. 2.90 on reasonable doubt.  On

January 17, 1997, the California Court of Appeal for the Third Appellate District, affirmed the conviction. The California Supreme Court denied review on March 26, 1997.

Petitioner's first state habeas petition was filed in the California Supreme Court on January 7, 1998. Petitioner alleged prejudice arising from the consolidation of two cases; speedy trial violations; due process violations with regard to the selection of jurors; inadmissible or tainted testimony; a conspiracy between the victims of the two robberies; ineffective assistance of trial counsel for allowing the speedy trial violations and consolidation of the two cases, as well as for failure to investigate, failure to challenge identification procedures, improper reliance on police investigators, and failure to contact petitioner's friends and acquaintances to determine their possible usefulness as witnesses; and ineffective assistance of appellate counsel for failing to raise meritorious issues on appeal. The habeas petition was summarily denied by the state's highest court on April 29, 1998.

On August 6, 1998, petitioner filed a habeas petition in the San Joaquin County Superior Court, raising the same claims that were denied by the California Supreme Court on April 29, 1998. After the trial court denied the petition on its merits in a written decision filed November 17, 1998, petitioner proceeded to the California Court of Appeal for the Third Appellate District, with a petition filed December 7, 1998. That petition was denied on December 17, 1998.

While petitioner was still pursuing the claims raised in his first habeas petition, although not in sequence from trial court to court of appeal to the state's highest court, he commenced a round of petitions in which he sought modification of his sentence on the basis of alleged errors in the application of state sentencing law. This round began with the filing of a habeas petition in the San Joaquin County Superior Court on December 7, 1998. The petition was denied on its merits in a written order filed January 22, 1999. On February 18, 1999, petitioner sought review of the denial by the California Supreme Court. The petition for review was summarily denied on May 26, 1999. On May 24, 1999, petitioner filed his second habeas

4

1   petition in the court of appeal, alleging the same claim presented to the trial court on December

2   7, 1998.  The court of appeal denied the petition on June 10, 1999.  On July 8, 1999, the

3   California Supreme Court received petitioner's untimely petition for review of the June 10, 1999

4   decision.  After petitioner complied with the court's instruction to file an application for relief

5   from default, the petition for review was filed on August 10, 1999.  The California Supreme

6   Court summarily denied the petition on November 23, 1999.

7       On January 7, 2002, petitioner filed his third habeas petition in the San Joaquin

8   County Superior Court.  In this petition, subtitled"Recall of the Remittitur," petitioner alleged an

9   illegal enhancement and ineffective assistance of trial and appellate counsel with regard to the

10  enhancement.  In a written decision filed March 26, 2002, the trial court denied the petition on its

11  merits.  Petitioner presented the same claims to the California Court of Appeal for the Third

12  Appellate District, in a habeas petition filed April 5, 2002.  The petition was summarily denied

13  on April 11, 2002.  On May 20, 2002, petitioner alleged the same claims in his fourth habeas

14  petition filed in the California Supreme Court.  The petition was summarily denied, with

15  citations to In re Clark and In re Robbins, on September 11, 2002.

16      On May 13, 2003, petitioner filed a fourth habeas petition in the San Joaquin

17  County Superior Court, alleging violations of state law with regard to his sentence and in the

18  pronouncement and entry of judgment, along with ineffective assistance of counsel with respect

19  to his sentence and judgment.  Petitioner sought a new sentencing hearing.  The petition was

20  denied by the trial court in a written decision filed June 12, 2003, finding that petitioner had

21  failed to make a prima facie showing for relief and that the petition was both delayed and

22  successive.  Petitioner then presented the same claims to the California Court of Appeal for the

23  Third Appellate District, in a petition filed July 8, 2003.  The petition was summarily denied on

24  July 10, 2003.  It does not appear that petitioner sought review of these claims in the California

25  Supreme Court.

26  /////

Petitioner's federal habeas petition, dated October 4, 2004, was received for filing in the Fresno Division of this court on October 6, 2004.

ANALYSIS

I. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). A federal claim is fairly presented if the petitioner has described the operative facts and legal theory upon which each claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

After reviewing petitioner's federal habeas petition and considering the issues presented to the California Supreme Court on appeal and on habeas, the undersigned finds that petitioner has not exhausted state court remedies on any claim alleged in his federal habeas petition. In the absence of at least one exhausted claim, the court cannot entertain a motion to stay this action and must dismiss it. See Jimenez v. Rice, 276 F.3d 478, 481-82 (9th Cir. 2001); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). The petition will be dismissed with prejudice if it has been filed in violation of the statute of limitations, as any exhausted claims presented to the federal court at a later time would also be time-barred.

II. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted.

1    Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was filed in 2004, the

2    AEDPA period of limitation is applicable to the petition.

3           For most prisoners, the one-year period of limitation begins to run when the

4    judgment of conviction becomes final by the conclusion of direct review or the expiration of the

5    time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).  It does not appear that any other

6    provision of § 2244(d)(1) is applicable to this case.

7           Respondents contend that the record confirms that petitioner filed his federal

8    habeas petition long after the expiration of the one-year statute of limitations.  The record reflects

9    that petitioner's judgment became final on June 24, 1997, upon expiration of the ninety-day

10   period during which petitioner could have filed a petition for writ of certiorari with the United

11   States Supreme Court after the California Supreme Court denied review on appeal on March 26,

12   1997.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Accordingly, the

13   undersigned finds that petitioner was required to file his federal habeas petition within one year

14   after June 24, 1997, unless tolling provisions apply.

15          "The time during which a properly filed application for State post-conviction or

16   other collateral review with respect to the pertinent judgment or claim is pending shall not be

17   counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

18   limitations is not tolled, however, during the interval between the date on which a judgment

19   becomes final and the date on which the petitioner files his first state collateral challenge.  Nino

20   v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

21          In this case, petitioner's first state habeas petition was filed in the California

22   Supreme Court on January 7, 1998.  The petition bears the date of January 4, 1998.  The

23   undersigned will give petitioner the benefit of the doubt and assume that petitioner delivered his

24   petition to prison officials for mailing on January 4, 1998.  Based on that assumption, the statute

25   of limitations started running on June 25, 1997, the day after petitioner's judgment became final,

26   and ran until January 4, 1998, when petitioner stopped the clock by delivering his first

                                                    7

application for post-conviction relief to prison officials for mailing.  As of January 4, 1998, 193 days of the one-year period of limitation had elapsed, and 172 days remained.

Petitioner's first state habeas petition was denied by the California Supreme Court on April 28, 1998.  Under the California Rules of Court then in effect, the decision became final on May 28, 1998.  See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam). Although petitioner filed two additional habeas petitions raising the same claims, those petitions were filed in the trial court and the Court of Appeal and were not part of a complete round of petitions that started in the trial court and progressed to successively higher courts.  As a result, petitioner is entitled to statutory tolling while the two subsequent petitions were pending and during the interval between them, but he is not entitled to statutory tolling during the interval between the California Supreme Court's decision on the first habeas petition and the filing of the next habeas petition in a lower court.  See Carey v. Saffold, 536 U.S. 214, 223 (2002); Gaston v. Palmer, 417 F.3d 1050, 1051 (9th Cir. 2005).  The statute of limitations therefore resumed running on May 29, 1998, and ran until petitioner mailed the petition to the trial court on August 3, 1998.  The period of limitation ran for 36 days between May 28, 1998, and August 3, 1998, and 136 days of the one-year period of limitation remained at that time.

The statute of limitations was tolled from August 3, 1998, to January 17, 1999, while petitioner proceeded from the trial court to the court of appeal, and the court of appeal's decision became final thirty days after it was issued on December 17, 1998.  The statute did not resume running on December 18, 1998, however, because petitioner had commenced another round of collateral review when he mailed a second habeas petition, raising new claims, to the trial court on December 1, 1998.  Petitioner was entitled to statutory tolling on the new round until December 23, 1999, i.e., thirty days after the California Supreme Court denied the final petition in that round.  The statute of limitations resumed running on December 24, 1999, and ran without further interruption for the 136 days that remained of the one-year period of limitation. Accordingly, the statute of limitations expired on May 7, 2000.

1        Petitioner commenced another round of habeas petitions with a petition dated

2 January 3, 2002, which was filed in the trial court on January 7, 2002.  That round was

3 commenced more than a year and a half after the statute of limitations had expired and ended on

4 October 11, 2002, thirty days after the California Supreme Court denied the third petition in that

5 round.  Petitioner commenced a final round of review with a petition mailed April 30, 2003.

6 That round ended on August 9, 2003, thirty days after the Court of Appeal denied the final state

7 habeas petition filed by petitioner.  However, state habeas petitions filed after the one-year statute

8 of limitations has expired do not revive the statute and have no tolling effect.  See Ferguson v.

9 Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.

10 2001).  Petitioner's federal habeas petition was mailed more than four years after the statute of

11 limitations expired on May 7, 2000.  This action is therefore barred and should be dismissed with

12 prejudice unless petitioner is entitled to equitable tolling for substantial periods of time.

13        The doctrine of equitable tolling has been applied in cases where a party was

14 prevented from asserting a claim by wrongful conduct on the part of the opposing party or where

15 extraordinary circumstances beyond the party's control made it impossible for him to file a claim

16 on time.  Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).  The AEDPA

17 statute of limitations is subject to equitable tolling, but "only when 'extraordinary circumstances

18 beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary

19 circumstances were the cause of his untimeliness.'"  Laws v. Lamarque, 351 F.3d 919, 922 (9th

20 Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).  "[A] litigant seeking

21 equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

22 rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v.

23 DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 & n.8 (2005).  Equitable tolling will be

24 unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v.

25 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

26 /////

Petitioner's motion for extension of time includes a section titled "Equitable Tolling." (Pet'r's Mot. for Extension of Time filed Apr. 15, 2005, at 3-4.)  The undersigned has given careful consideration to the arguments presented in petitioner's motion for extension of time and in his subsequent motion for injunctive relief.  Petitioner has not suggested a basis for equitable tolling during any specific period of time relevant to this case and has not shown that extraordinary circumstances stood in the way of his filing a timely federal habeas petition. Petitioner has failed to demonstrate his entitlement to equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's June 15, 2005 motion for writ of mandate/prohibition be denied;

2. Respondents' March 15, 2005 motion to dismiss be granted; and

3. This action be dismissed with prejudice because the petition presents only unexhausted claims and was filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 18, 2006.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
fost2281.mtd

10